[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14749
Non-Argument Calendar

_____

D. C. Docket No. 03-03943-CV-WBH-1

BADDELIYANAGE LANKA SANTHA,

Plaintiff-Appellant,

versus

HAROLD LINNENKOHL,

Defendant,

GEORGIA DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 12, 2006)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Baddeliyanage Lanka Santha, a native of Sri Lanka of Asian descent, appeals the judgment in favor of the Georgia Department of Transportation and against his complaint of discrimination based on race and national origin. Although Santha established a prima facie case of discrimination based on the selection of candidates for four different promotions, he did not establish that the non-discriminatory reasons for the promotion decisions proffered by the Department were pretextual. We affirm.

## BACKGROUND

Santha received a bachelor of science in civil engineering from Sri Lanka University of Peradeniya and worked as a civil engineer in Sri Lanka. Santha immigrated to the United States and earned a master of science in civil engineering from Texas A&M University. He began work for the Department in 1990 as a transportation engineer and was later promoted to Unit Chief of the Pavement Testing Unit.

Santha applied for four promotions with the Department in 2003 and 2004 that are the subject of this action. Each of the positions to which he applied was given to a Caucasian American. The first position was Pit and Quarry Branch Chief, which the Department awarded to Jerry German. German had a geology

2

degree, which the Department considered to be an asset for the position.  German also received the highest evaluation score of the applicants for the position.

The second position for which Santha applied, Geotechnical Engineering Branch Chief, was awarded to Shannon Shaneyfelt.  Shaneyfelt had experience in the area by virtue of her previous position in the Geotechnical Engineering Branch, and the Department considered her communication skills to be good.  Shaneyfelt also received the highest evaluation score of all the applications for the branch chief position.

The Department awarded the third position, Transportation Engineering Administrative Assistant, to J. T. Rabun.    Rabun had worked for the department thirteen years.  The Department considered Rabun's management experience to be more valuable than Santha's research experience, and the Department concluded that Santha did not have the requisite leadership skills for the position.  Rabun also received the highest evaluation score of all the applicants.

A. J. Jubran was selected for the fourth position, Pavement Management Branch Chief.  Jubran, who was initially ranked second, was chosen for the position when Terry Atha's evaluation score was lowered after an investigation of his educational background.  Jubran and Santha had similar educational backgrounds, degrees, licensing, and supervisory experience, and the final

3

evaluation scores ranked Jubran highest, and Santha third highest.

Santha filed several complaints with the Equal Employment Opportunity Commission alleging discrimination and retaliation and filed suit in the federal district court. Santha argued that he was better qualified than each of the successful applicants for the four positions, and Santha provided statements from Department employees that Santha argued were circumstantial evidence of discrimination. Santha presented an affidavit from Stardina Wyche, a Department librarian, which stated that people in the Department said they did not like Santha because of his accent. Santha alleged that Rabun told Santha he would need to transfer to another branch in the department if he wanted a raise, Rabun threatened to reduce Santha's salary and fire him, and Rabun gave him a low performance evaluation. Finally, Santha alleges that Georgene Geary, a Department administrator, informed him that the work Santha performed twenty years ago in Sri Lanka had no bearing on promotions. On recommendation from the magistrate judge, the district court granted summary judgment for the Department on the ground that Santha could not establish that the non-discriminatory reasons advanced by the Department for its promotion decisions were pretextual.

## STANDARD OF REVIEW

We review a grant of summary judgment de novo, and we construe all facts

in the light most favorable to the non-moving party.  <u>Vessels v. Atlanta Indep. Sch. Sys.</u>, 408 F.3d 763, 767 (11th Cir. 2005).

## DISCUSSION

Because Santha does not have any direct evidence of discrimination, he must rely on circumstantial evidence to support his claim.  Circumstantial evidence of discrimination is considered under the burden-shifting framework of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817 (1973).  <u>See</u> <u>Vessels</u>, 408 F.3d at 767-68.  The employee must create an inference of discrimination by establishing a prima facie case.  After the employee has established a prima facie case, the burden shifts to the employer to articulate a non-discriminatory basis for its employment decisions.  If the employer articulates a non-discriminatory basis for its decisions, then the burden is on the employee to establish that the non-discriminatory reason is pretextual. <u>Id.</u>

There is no dispute that Santha established a prima facie case, and the Department articulated non-discriminatory reasons for its employment decisions. The question on appeal is whether Santha presented evidence that the reasons of the Department were pretextual.

To prove pretext, Santha had to provide evidence to establish "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the

5

employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." Vessels, 408 F.3d at 771 (quoting Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004)). Santha's primary argument is that he was better qualified than the Caucasian applicants chosen for the promotions, but to prove pretext Santha had to establish not only that he was more qualified than those who were promoted but that he was "so clearly more qualified for the position . . . that a reasonable juror could infer discriminatory intent from the comparison." Lee v. GTE Fla., Inc., 226 F.3d 1249, 1255 (11th Cir. 2000). Santha cannot meet this burden.

It is undisputed that each of the applicants selected for the various positions received a higher score on his or her evaluation than Santha. Santha attempts to establish pretext by attacking the validity of the evaluations and the scores. We address each position in turn.

First, regarding the Pit and Quarry Branch Chief position, filled by German, Santha challenges German's score on the ground that the notice of the job opening stated that "[m]any of the necessary competencies [for the position] are attained through a four year college degree in civil engineering or civil engineering technology." Santha argues that his civil engineering degree should have given him a higher score than German who had a geology degree. The problem for

Santha is that the notice did not state that a civil engineering degree was necessary; the notice stated that many of the competencies could be attained through a four year civil engineering degree. Santha failed to rebut the testimony of Geary that a geology degree was considered an asset for the position.

Santha's allegation that the Department reorganized the Pit and Quarry branch to give German supervisory experience to make him eligible for the branch chief position is unsupported by the record. It is undisputed that the plan to reorganize was begun a year before the branch chief position became open and German was given a supervisory role five months before the branch chief position opened. Santha provided no evidence that the reorganization was undertaken to give German supervisory experience, nor that the Department even knew the branch chief position would open soon when it gave German a supervisory role.

Second, Santha's allegation that the Department pre-selected and groomed Shaneyfelt for the Geotechnical Engineering Branch Chief position is similarly unsupported by the record. The Department's decision to send Shaneyfelt to the annual Georgia Quality Initiative does not support such an inference, because Santha presented no evidence that Shaneyfelt's attendance at the Georgia Quality Initiative had any bearing on the decision of the Department to give her the branch chief position. Santha erroneously asserts that the Department held the branch

7

chief position open for Shaneyfelt to acquire her professional engineer license. Santha's support for this assertion is an affidavit from a radiation safety officer, but the affidavit offers no explanation of why the affiant would have had personal knowledge of the promotional decisions of the Department administrators.

Geary's statements on the cover sheet she used to transmit the recommendation of Shaneyfelt for the position of branch chief to the upper management do not support Santha's proposed inference of discrimination. Geary's statement that Shaneyfelt supervised "several" employees rather than two is a correct statement because "several" can refer to two, and Santha provided no evidence that Geary's statement that Shaneyfelt was with the department seven years instead of five had any bearing on the decision of upper management to approve the evaluators' and Geary's choice of Shaneyfelt for the position. Santha did not rebut the testimony that Shaneyfelt had useful experience by virtue of her previous position in the Geotechnical Engineering Branch and good communication skills.

Santha argues that he was more qualified for the Transportation Engineering Administrative Assistant position than Rabun because he had a graduate degree in civil engineering and Rabun did not. The Department argued that Rabun was promoted because he had thirteen years of experience with the department and his

8

management experience was more valuable for the position than Santha's research experience. Santha does not attempt to refute this explanation.

Santha argues that Geary's failure to forward to upper management Santha's binder detailing his contributions to the Department was discriminatory. This argument fails. Santha offered no evidence that Geary's failure to send the binder to upper management was motivated by discriminatory animus, nor did Santha present any evidence that Geary's failure to transmit the binder affected the decision of the upper management to approve of the evaluators' and Geary's choice of Rabun for the administrative assistant position.

Santha challenges the decision to select Jubran for Pavement Management Branch Chief on two fronts. First, Santha argues that he was more qualified for the position than Jubran. Second, Santha contends that irregularities in the evaluation process are circumstantial evidence of discriminatory bias.

Santha's assertion of superior qualifications is not supported by the record. Santha does not dispute that he and Jubran had similar educational backgrounds, degrees, licensing, and supervisory experience. Santha contends that his slightly longer experience made him more qualified, but Santha failed to establish that the Department objectively must have considered him better qualified than Jubran.

The irregularities in the evaluation process also do not support an inference

9

of discrimination. Santha did not provide evidence that the irregularities affected him. After Atha's score was revised, Jubran was ranked first and Santha third, and Santha did not provide any evidence that the changes in his score were not made during the initial evaluation.

Finally, the statements made by the Department employees are not circumstantial evidence of discrimination. The district court correctly concluded that Wyche's allegation that people in the Department stated that Santha was not liked because of his accent was hearsay. Santha did not rebut Rabun's testimony that his suggestion that Santha transfer within the Department was intended to advise Santha that having a broad range of experience within the Department can be helpful when seeking promotion. Rabun's alleged threats to fire Santha or lower his salary and the poor evaluation Rabun gave Santha support nothing more than an inference that Rabun was dissatisfied with Santha's performance. Finally, Geary's alleged comment that Santha's work in Sri Lanka twenty years ago did not factor into promotional decisions is not evidence of discriminatory animus. Geary's comment was a statement of fact that remote experience unrelated to the Department was not a factor in the evaluative process.

## CONCLUSION

The summary judgment in favor of the Department and against Santha is

**AFFIRMED.**